SAMUEL SILVERMAN, Appellant, v. LOUSAN REALTY CORPORATION and Others, Respondents.

ABRAHAM J. HALPRIN, Appellant.

Second Department, December 23, 1927.

**Mortgages — foreclosure — sale — motion for confirmation was denied on theory that mortgagor had paid $1,150 on account of mortgage debt — court did not have power to determine in summary manner whether alleged payment was so made — if payment was made and misapplied mortgagor may recover in action at law.**

This is an action to foreclose a mortgage. A sale of the mortgaged property has been made and the defendant opposes a motion for an order to confirm the referee's report of sale upon the ground that the defendant paid $1,150 to the mortgagee's attorney which sum has been misapplied by him. The mortgagee's contention is that the money was so paid under an agreement to adjourn the foreclosure sale for two weeks and if, at that time, the judgment in foreclosure was paid, $1,000 of the amount paid over would be credited on the judgment, but if the judgment was not paid, then the amount paid to plaintiff's attorney would be held as additional counsel fees and expenses.

The Special Term did not have the power upon the motion to confirm to determine the question in dispute between the parties. Whether or not the attorney for the mortgagee acted in good faith or misapplied the money paid to him can be determined only in an action at law to which he is a party.

A letter from the attorney to another attorney appearing in the action that the sale had been adjourned for two weeks, and that the defendant was paying $1,000 on account, is not necessarily contradictory of the plaintiff's version of the agreement.

APPEAL by Samuel Silverman and his attorney, Abraham J. Halprin, who is not a party to the action, from two orders of the Supreme Court, entered in the office of the clerk of the county of Kings on the 3d day of October, 1927, and on the 31st day of October, 1927.

The first order denies a motion by the plaintiff for an order confirming the referee's report of sale in this action to foreclose a mortgage, and the second order resettles the first.

*Charles H. Kelby* [*I. Maurice Wormser* and *Abraham J. Halprin* with him on the brief], for the appellants.

*Siegmund Rosenthal* [*Charles L. Meckenberg* with him on the brief], for the respondents.

SEEGER, J. The action was brought to foreclose a second mortgage on real property situated in the borough of Brooklyn, which property was sold pursuant to a judgment of foreclosure and sale therein. The motion for confirmation was opposed by the defendant Lousan Realty Corporation, upon the ground that

said defendant had paid to Mr. Halprin $1,150, which said defendant claims was a payment on account of the mortgage debt, or of $1,000 on account of the debt and $150 to be used toward the expenses of the sale. The receipt of the $1,150 is admitted, but appellants deny that it was a payment on account. They claim that it was received pursuant to an agreement with the said defendant Lousan Realty Corporation to adjourn the time of the foreclosure sale for the period of two weeks, and that, if the judgment was paid at that time, the sum of $1,000 should be credited to the judgment and the other $150 should be used toward the expenses of the sale, and in the event that on June 17, 1927, the judgment was not paid, then the said sum of $1,150 was to be held and owned by the plaintiff for h s additional counsel fees and expenses in connection with the matter. The defendant failed to pay the amount of the judgment within the adjourned period and the premises were thereafter sold under the judgment by the referee. The learned justice at Special Term, in denying the motion for confirmation because of the payment of said $1,150 upon the agreement aforesaid, in his opinion said that Mr. Halprin was not only guilty of sharp practice and extortion, but deceit and willful misappropriation of court funds. The court undertook to determine, upon the motion, the question as to whether the money was paid and received as a payment on account of the mortgage indebtedness or whether it was paid upon the terms as claimed by Mr. Halprin, refused to confirm the referee's report upon the finding that it was a payment on account of the mortgage indebtedness, and directed Mr. Halprin to pay the money over to the referee.

This question of fact could not be determined in this summary manner. The question as to whether Mr. Halprin, the attorney, acted in good faith in this matter, in retaining the money which he claimed belonged to his client, could only be determined in an action to which he was a party.

While it is true that, after the receipt of this money, Mr. Halprin wrote a letter to another attorney appearing in the action, stating " I am adjourning this sale for two weeks. The defendant is paying $1,000 on account," that letter is not necessarily contradictory of the claim that is made here; for, if the agreement had been made as claimed by the appellants and had been complied with by the above-named defendant, under the agreement it would have been a payment on account, and in that event the statement in the letter would have been correct and Mr. Halprin would have had the right to assume that the said defendant intended to carry out the agreement and thus avoid the necessity of a sale under the foreclosure judgment.

The two orders filed should be reversed upon the law and the facts and the referee's report of sale confirmed, but without costs.

LAZANSKY, P. J., RICH, KAPPER and CARSWELL, JJ., concur.

Order denying motion to confirm referee's report, and order resettling said order, reversed upon the law and the facts, without costs, and motion to confirm report granted.